Filed 12/6/24  P. v. Pennell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>AARON ROBERT PENNELL,<br><br>    Defendant and Appellant. | C098479<br><br>(Super. Ct. Nos.<br>STKCRFE20090006418,<br>SF111573A) |

Defendant Aaron Robert Pennell appeals a judgment entered after the trial court recalled his sentence pursuant to Penal Code section 1172.1[1] and resentenced him to a term of 21 years 8 months; a 3-year reduction from his previous sentence.  He complains "insufficient evidence supported the trial court's implicit conclusion that [he] posed an

---

[1] Subsequent undesignated statutory references are to the Penal Code.  Effective January 1, 2022, the recall and resentencing provisions of section 1170, subdivision (d)(1) were amended and moved to former section 1170.03.  (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038.)  Effective June 30, 2022, former section 1170.03 was renumbered as section 1172.1 with no substantive changes.  (*People v. Braggs* (2022) 85 Cal.App.5th 809, 818.)

unreasonable risk to public safety if immediately released." Given this conclusion, defendant reasons the trial court abused its discretion in declining to strike the firearm enhancements under section 1385, subdivision (c) and in failing to impose the lower term under section 1170, subdivision (b)(6). Finally, defendant requests remand with directions for the trial court to recalculate his custody credits up until the date of his resentencing hearing. The People concur that recalculation of defendant's custody credits is required but oppose his remaining arguments. We will remand for recalculation of defendant's custody credit award through the resentencing hearing and order correction of an error in the minute order following sentencing. We otherwise affirm.

## I. BACKGROUND

### A. *The Charges and Plea Agreement*

The People's amended information charged defendant with 19 counts: kidnapping (§ 207, subd. (a); count 1); second degree robbery (§ 211; counts 2, 3, 14, 18); dissuading a witness by force (§ 136.1, subd. (c)(1); counts 4, 11, 17), first degree residential burglary (§ 459; count 5); first degree residential robbery (§ 211; count 6); evading a peace officer with wanton disregard (Veh. Code, § 2800.2; count 7); evading a peace officer while driving against traffic (Veh. Code, § 2800.4; count 8); felon in possession of a firearm (former § 12021, subd. (a)(1); counts 9, 15); unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a); count 10); criminal threats (§ 422; counts 12, 19); kidnapping to commit another crime (§ 209, subd. (b)(1); count 13); and carjacking (§ 215, subd. (a); count, 16).

The information further alleged defendant was on probation at the time of the offense (§ 1203, subd. (k); counts 1-4, 6-7, 13-14); personally used a firearm (§ 12022.53, subd. (b); counts 1-4, 6, 13-14, 16-18); inflicted great bodily injury (§ 12022.7, subd. (a); counts 1-4, 6); and used a firearm (§ 12022.5, subd. (a); counts 5, 11, 12, 19). Finally, the information alleged defendant had suffered a prior prison term (§ 667.5, former subd. (b)) and a prior felony conviction (§ 969).

2

"In February 2010, defendant entered a guilty plea, stipulating to a sentence of 24 years eight months for kidnapping and two counts of second degree robbery—all enhanced for personal use of a firearm under section 12022.53, subdivision (b)—and dissuading a witness by threat of force."  (*People v. Pennell* (May 23, 2022, C094149) [nonpub. opn.].)  The remaining counts and allegations were dismissed/stricken in the interests of justice in light of defendant's plea.

B.        *Recall and Resentencing Proceedings*

On August 23, 2018, the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court advising that defendant's sentence was unauthorized because defendant's sentence for dissuading a witness by threat of force should have been a full consecutive term, not one-third the midterm as imposed.  The trial court took no action on this letter.

"In April 2021, the Secretary of the CDCR sent a letter to the trial court recommending recall and resentencing of defendant pursuant to the former version of . . . section 1170, subdivision (d)(1) (former section 1170(d)(1)), which authorized a court, at any time after receiving a recommendation from CDCR, to recall an inmate's sentence and resentence that inmate to a lesser sentence.  The recommendation was based on section 12022.53, subdivision (h), which had recently been amended by Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682) to grant courts discretion to strike or dismiss firearms enhancements in the interest of justice."  (*People v. Pennell*, *supra*, C094149, fn. omitted.)

"In May 2021, the court, without appointing counsel, providing notice, holding a hearing, or explaining its reasoning, declined to exercise its discretion to recall defendant's sentence or strike the enhancements."  (*People v. Pennell*, *supra*, C094149.)  Defendant appealed and another panel of this court reversed the judgment remanding "for reconsideration of CDCR's recommendation to recall and resentence defendant in

3

accordance with section 1170.03 as added by Assembly Bill 1540." (*People v. Pennell, supra*, C094149.)

On remand, defendant filed a resentencing brief arguing that he was presumptively entitled to a low term sentence due to his childhood trauma and age when the crimes were committed (§ 1170, subd. (b)(6)), that the gun enhancements should be stricken because there were multiple enhancements that resulted in a sentence of over 20 years creating a rebuttable presumption in favor of dismissal (§ 1385, subd. (c)), or, alternatively, that one or more of the firearm enhancements (§ 12022.53, subd. (b)) should be reduced to a lesser firearm enhancement (*People v. Tirado* (2022) 12 Cal.5th 688). Defendant's brief further acknowledged that his sentence for dissuading a witness had been unauthorized and requested that the trial court impose a concurrent sentence to avoid the issue. Defendant asked for a new aggregate sentence of five or eight years to render his sentence time served.

The People opposed defendant's request, arguing the trial court should refrain from resentencing defendant because he represented an unreasonable risk to public safety, overcoming the presumption in favor of recall.[2] Although defendant did not plead to them, he had been held to answer on two super strike offenses, against two different victims, committed on different days. This combined with his multiple rule violations and a failure to do programing targeted toward violence or criminal thinking showed that he was still at risk of committing a new super strike offense and that dismissing any of the enhancements would endanger public safety. Further, there was no indication defendant's youth or

---

[2] How the crimes transpired does not appear to have been at issue as defendant admitted many of the facts underlying them during his testimony at the resentencing hearing, but we find the People's summary from their opposition to resentencing useful for context: "Defendant and his co-Defendant carjacked Mr. [G], robbed him, and threatened him at gunpoint. Nine days later, Defendant and co-Defendant then carjacked and robbed Mr. [W.] at gunpoint. They had Mr. [W.] try to pull money out of ATMs multiple times. When that didn't work, Defendant grew angry and aggressive, wrapped tape around Mr. [W.'s] hands and mouth, and placed him in the trunk of the car, kidnapping him. He then drove Mr. [W.] to his home, burglarizing it while Mr. [W.] was still in the trunk of his own car."

childhood trauma contributed to the commission of the offenses. Finally, there were multiple factors in aggravation further demonstrating the risk defendant posed.[3] (Cal. Rules of Court, rule 4.421.)

The recall and resentencing hearing occurred on May 1, 2023. Defendant testified to moving between relatives often and that he spent approximately a third of his childhood in his parents' custody. His father drank alcohol daily and was a strict disciplinarian prior to his father's incarceration. Defendant started drinking at age 15 and used marijuana in high school. He witnessed his sister's sexual abuse, but did not know how it impacted him. Defendant was 23 at the time of the offenses, and the gun he had used was a replica incapable of firing, even though he did not know it was a replica at the time of the crimes. Defendant admitted forcing one victim to drive to Lodi to use ATM's in an attempt to obtain money and then burglarizing the victim's house when that failed, but denied understanding that using a gun and duct-taping the victim before putting him in the trunk of the victim's car was wrong. Defendant explained, "I wasn't grown at the time. I hadn't matured as the person I am today." Defendant also admitted that many days before, he had committed crimes "along the same lines" against a different victim. He further admitted he had committed a kidnapping, although he did not understand the import of it at the time. Defendant similarly admitted having robbed the victims in counts 2 and 3, as well as dissuading the witness in count 4.

Defendant also testified concerning his rehabilitative progress in prison including obtaining his GED, completing some college courses, participating in the Ruff Start SPCA

---

[3] These included that defendant's crimes against two different victims involved great violence, great bodily harm, or other acts disclosing a high degree of viciousness and cruelty; he was armed; the manner of the crimes indicated sophistication and planning; defendant engaged in violent conduct indicating a danger to society; his crimes were numerous and escalated over a five-year period ultimately resulting in the crimes at issue in this case; defendant failed to comply with the conditions of probation and parole; he was on parole when the crimes were committed; and he had served a prior prison term.

program, attending NA/AA meetings, and becoming an alternative to violence program facilitator. While he had been cited for participating in a prison riot in 2017, that had been reduced to failure to follow commands. Similarly, defendant downplayed the battery on a prisoner incident from 2016, explaining it was "trumped up," it was self-defense, and that the victim fell and broke his ankle. Nonetheless, defendant admitted it showed a lack of impulse control, but he explained he had completed programming since then. Further, defendant disputed that he had used a controlled substance in March 2019, blaming cross-contamination from finding his overdosing cellmate. Defendant had not had a rule violation since 2019. Upon his release, he planned to live with his wife, who he married while in prison, and apply for a job with his brother. Defendant denied that he would now hit another person in violence and downplayed the prison assault as a "simple mishap."

Ultimately, the trial court rejected defendant's requests to strike any of the firearm enhancements in light of the severity of the crimes and the benefit of the bargain he received in reducing his exposure from 19 counts to 4. Nonetheless, the court elected to recall defendant's sentence and resentence him in a manner reducing his aggregate prison sentence by three years in recognition of the defendant's rehabilitative efforts. In so doing, the trial court implicitly adopted its several statements throughout the hearing that defendant continued to pose an unreasonable risk to public safety.

The court achieved the reduced sentence by: (1) exercising its discretion under section 1385 to reduce the enhancement associated with count 3 from a violation of section 12022.53, subdivision (b) to a violation of section 12022.5, subdivision (a) and (2) imposing the sentence associated with count 4 concurrently rather than consecutively. The aggregate prison term imposed at resentencing was 21 years 8 months as follows: for count 1, the midterm of five years for kidnapping (§ 207) plus 10 years for the firearm enhancement (§ 12022.53, subd. (b)); for count 2, one year (one-third the midterm) for the robbery (§ 211) plus three years four months (one-third the midterm) for the firearm enhancement (§ 12022.53, subd. (b)); for count 3, one year (one-third the midterm) for the robbery

6

(§ 211) plus one year four months for the firearm enhancement (§ 12022.5, subd. (a)); and for count 4, three years concurrent for dissuading a witness (§ 136.1, subd. (c)(1)).[4] The trial court failed to update defendant's custody credits, awarding the same amount as at the original sentencing hearing. Defendant timely appealed.

## II. DISCUSSION

Defendant challenges the trial court's exercise of resentencing discretion, contending substantial evidence does not support the trial court's determination that he would be a danger to public safety if immediately released. Given this conclusion, defendant reasons the trial court also abused its discretion in declining to strike the firearm enhancements under section 1385, subdivision (c) and in failing to impose the lower term under section 1170, subdivision (b)(6). Finally, defendant requests remand with directions for the trial court to recalculate his custody credits up until the date of his resentencing hearing. We concur with the People that only defendant's custody credit argument is meritorious.

A.      *Resentencing Under Section 1172.1*

Under section 1172.1, subdivision (a)(1), upon the recommendation of the Secretary of the CDCR, the trial court may "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." When recalling and resentencing a defendant, the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) The court

---

[4] The minute order following this hearing inaccurately states "Original sentence of 2/08/2010 to remain in full force and effect as modified herein." Having recalled and then resentenced defendant, the original sentence did not remain in full force and effect. We will direct the trial court to correct this minute order to reflect the trial court's recall and resentencing.

7

may reduce a stipulated term by modifying the sentence. (§ 1172.1, subd. (a)(3)(A).) Section 1172.1, subdivision (b)(2), provides, "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." This presumption is in favor of recall of defendant's sentence, but the sentence ultimately imposed is left to the court's discretion without further consideration of the presumption. (*People v. Braggs*, *supra*, 85 Cal.App.5th at pp. 819-820.)

Moreover, section 1172.1, subdivision (a)(5) expressly directs the trial court to consider "postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." This subdivision also directs the court to "consider if the defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, . . . or if the defendant is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense, and whether those circumstances were a contributing factor in the commission of the offense." (§ 1172.1, subd. (a)(5).)

We review discretionary sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) In so doing, we presume the trial court was aware of and followed the applicable law (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114), that it "considered all of the relevant factors" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310), and that it acted to achieve legitimate sentencing objectives (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377). " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of

8

such a showing, the trial court['s] . . . discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Carmony*, at pp. 376-377.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.)

Here, defendant complains the trial court abused its discretion because substantial evidence does not support the court's implicit determination that he remained a danger to public safety. We are unpersuaded.

In considering a request under section 1385, the trial court must ultimately determine whether a lesser sentence would be in furtherance of justice. (§ 1385, subd. (a); *People v. Walker* (2024) 16 Cal.5th 1024, 1033.) If the trial court determines dismissal of an enhancement would endanger public safety, then section 1385, subdivision (c)(2) expressly authorizes denial. (*Walker*, at p. 1032; see also *People v. Mendoza* (2023) 88 Cal.App.5th 287, 296 (*Mendoza*) ["if the court finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the listed mitigating circumstances"].) If there is no finding of a danger to public safety, then a sentencing court may determine that countervailing factors other than danger to others " 'neutralize even the great weight of the mitigating circumstance, such that dismissal . . . is not in furtherance of justice.' " (*Walker*, at p. 1036.) On this record, we find no abuse of discretion.

Defendant has not demonstrated that the trial court's action in recalling his sentence—which suggests a determination that he was not an unreasonable risk of committing a super strike offense as defined by section 1170.18 (§ 1172.1, subd. (b)(2))— negated the trial court's determination that dismissing any of his firearm enhancements would endanger public safety under section 1385, subdivision (c)(2). These are not mutually exclusive propositions. Rather, the trial court was able to reduce defendant's sentence by three years without striking the firearm enhancements, which the court implicitly determined would result in a likelihood of "physical injury or other serious danger

to others." (§ 1385, subd. (c)(2).) Thus, the act of recalling defendant's sentence does not preclude the trial court's determination under section 1385, subdivision (c)(2).

Moreover, defendant has not shown the trial court's implicit determination that he remained a danger to public safety if the court dismissed any of his firearm enhancements was an abuse of discretion. (*Mendoza*, *supra*, 88 Cal.App.5th at p. 298.) Here, at the time of defendant's plea, he was facing prosecution on an information alleging 19 different counts, against two victims, occurring on different days—which included two super strike violations under section 1170.18, as well as allegations that he was on probation when the offenses occurred, had inflicted great bodily injury, and had served a prior prison term for robbery.[5] Defendant resolved these very serious charges by admitting to extremely serious conduct, to wit, that he had committed kidnapping, two counts of robbery, and had dissuaded a witness by threat of force. Defendant further admitted using a gun[6] in the kidnapping and robberies. (*People v. Pennell*, *supra*, C094149.) Defendant confirmed at the resentencing hearing that he had committed these crimes, although he denied that he understood they were wrong at the time he committed them.

Further, there were multiple factors in aggravation (Cal. Rules of Court, rule 4.421) as outlined by the People's opposition and implicitly acknowledged by the trial court's

---

[5] Defendant's CDCR records reflect he had been previously convicted of car theft, evading an officer while driving recklessly, and hit-and-run with property damage. The People's information alleged defendant was on probation for driving recklessly when this case's crimes were committed. This report also showed defendant had violated his parole. Finally, the report listed another, unidentified offense that appears to correspond in time and place to the information's allegation that defendant served a previous prison term for a robbery conviction in 2008.

[6] We are unpersuaded by defendant's argument that this gun was a replica when defendant himself admitted at the resentencing hearing that he did not know this at the time of the crime.

sentencing comments.[7]  Finally, defendant's prison record included disciplinary write ups for assaulting another prisoner in 2016, participating in a prison riot in 2017, and using a controlled substance in 2019.  Under these circumstances, defendant has not shown the trial court abused its discretion in implicitly determining that dismissing the requested firearm enhancements would result in a likelihood of "physical injury or other serious danger to others."  (§ 1385, subd. (c)(2); *Mendoza*, *supra*, 88 Cal.App.5th at pp. 298-299.)

Nor are we persuaded by defendant's arguments that the trial court abused its discretion in selecting the middle term rather than the low term under section 1170, subdivision (b)(6).  Section 1170, subdivision (b)(6) provides in pertinent part:  "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶]  (A) The person has experienced . . . childhood trauma . . . . [¶]  (B) The person is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense."

Here, defendant has not shown, and the record does not indicate, that defendant's asserted childhood trauma or youth *contributed* to his commission of the offenses, such that the presumption in favor of the lower term did not apply.  (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 987, 991-994 [requiring affirmative showing that defendant's youth contributed to the offense].)  The trial court specifically inquired concerning defendant's asserted childhood trauma and youth, including any asserted impacts thereof, but defendant

---

[7]  Specifically, the trial court questioned whether defendant could be safely released in light of the seriousness of the offenses against the two victims, his prior record, and that he violated probation and was sent to prison, then violated his parole, was released again, and committed the instant offenses.

failed to provide any details that trauma or youth contributed to the offenses,[8] instead expressing a desire to focus on his rehabilitative efforts. Nonetheless, we recognize defendant testified that his youth did not affect his judgment "in a good way," that he was now less impulsive than before, and that he would be less likely to use physical force to resolve disputes. Assuming without deciding that this evidence established that defendant's youth contributed to the offenses, the trial court was still justified in imposing the midterm because it implicitly determined the aggravating circumstances outweighed the mitigating circumstances such that the imposition of a low term sentence would not be in the interests of justice (§ 1170, subd. (b)(6)). Defendant has not shown this determination was an abuse of discretion.

B.     *Defendant's Custody Credits*

Pursuant to section 2900.1, "when a sentence is modified while in progress, the 'time' already served 'shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) This requires the trial court to update the actual custody credits on the amended abstract of judgment to reflect "all *actual days*" spent in custody "whether in jail or prison" up until the resentencing. (*Ibid*.) "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.) We therefore accept the parties' concession that the trial court must determine defendant's custody credits up to his resentencing date.

---

[8] Defendant's suggestion that the record contains testimony establishing that defendant witnessed his father's criminal lifestyle leading him to also engage in a criminal lifestyle is difficult to believe. Leading questions by the trial judge established that defendant followed in his father's footsteps when he began drinking around age 15. Nothing connects this alcohol use to the offenses.

## III.  DISPOSITION

The matter is remanded with directions for the trial court to calculate and award custody credits through defendant's resentencing on May 1, 2023.  The trial court shall prepare an amended abstract of judgment reflecting the updated custody credit award and forward a certified copy of this abstract to the CDCR.  Finally, the trial court shall amend the May 1, 2023, minute order to reflect that the trial court recalled defendant's previous sentence and then resentenced him, detailing the sentence imposed for each count and enhancement.  The judgment is otherwise affirmed.


<u>  /s/                                      </u>
WISEMAN, J.*


We concur:


<u>  /s/                                </u>
HULL, Acting P. J.


<u>  /s/                                </u>
FEINBERG, J.


---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.